```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
SEAN OVERSTREET,                              COMPLAINT

                 Plaintiff,                   CIVIL ACTION NO.:

       -against-

CITY OF NEW YORK, POLICE OFFICERS
CHRISTOPHER HEWITSON, SHIELD #25176 AND
"TORIO" and UNIDENTIFIED NEW YORK CITY
POLICE OFFICERS, EMPLOYEES AND AGENTS,

                 Defendants,                  JURY TRIAL DEMANDED
------------------------------------------X
```

The plaintiff, complaining of the defendants, by his attorney, THOMAS SHEEHAN, ESQ. of CHEDA & SHEEHAN, respectfully shows to this Court and alleges:

**JURISDICTION**

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the First, Fourth, Fifth and Fourteenth

Amendments to the Constitution of the United States.

4. That an award of attorneys' fees is appropriate under 42 U.S.C. § 1988.

5. That venue is proper pursuant to 28 USC § 1391(b)(1 and 2).

6. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

**PARTIES**

7. That the plaintiff is a resident of the United States and is a resident of the County of Queens, City and State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC), its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof, and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior and under state municipal law as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

9. Upon information and belief, that at all times hereinafter mentioned, defendants POLICE OFFICERS CHRISTOPHER HEWITSON, SHIELD #25176 AND "TORIO"(whose actual name is believed to be TORIO or a similar sounding name) and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS were employed by the defendant, CITY

OF NEW YORK, as police officers.

10. The NEW YORK CITY POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, NYC is responsible for the policies, practices and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

11. This action arises under the United States Constitution, particularly under provisions of the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983 and the rights under the Constitution and laws of the State of New York.

12. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State and City of New York, and under the authority of their office as police officers of said state, county and city.

**STATEMENT OF FACTS**

13. Starting on October 3, 2001 at or about 11:00 PM on near 116-16 203rd Street, St. Albans, New York, the plaintiff was unlawfully seized by the defendants.  This was done in retaliation for the plaintiff having previously commenced a lawsuit against

HEWITSON, who had previously shot the plaintiff.  HEWITSON then took off his badge and belt to fight the plaintiff.  The plaintiff punched HEWITSON in self defense and HEWITSON threatened to get the plaintiff.  On October 4, 2001 at about 9-10:00 AM, the defendants returned to the front of 116-16 203rd Street, St. Albans, New York, and tried to drag the plaintiff off of his property.  When the plaintiff was off the property he was falsely arrested and taken to the precinct where he was held and interrogated until his release later that evening.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

14.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

15.  That the plaintiff's rights have been violated under the First, Fourth, Fifth and Fourteenth amendments of the United States Constitution pursuant to 42 U.S.C. § 1983.  Plaintiff was unlawfully seized, detained, arrested, imprisoned, searched, interrogated, had his rights to privacy violated and was subjected to abuse of process and intentional infliction of emotional distress.

16.  As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's rights: to be secure in his person, papers, and effects against unreasonable searches and seizures; not to be deprived of life, liberty, and property without

due process of law; not to be questioned without an attorney; not to be arrested in violation of his rights to make a complaint against the government; to be informed of the nature and cause of the accusation against him/her as secured to him/her under the Fourteenth Amendment of the Constitution of the United States; and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

17.  That the said detention, arrest and imprisonment were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

18.  That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore were alleged wrongfully, unlawfully and without sufficient charges having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at said location.

19.  That the defendant individual police officers conspired together to violate plaintiff's rights in that the individual officers acted in concert to unlawfully violate plaintiff's rights. Said conspiracy included the overt acts of falsely detaining,

arresting, imprisoning and searching.

20. That the plaintiff was innocent of criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the arrest and imprisonment entirely against his will.

21. That the defendants, their agents, servants and employees intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and, that the confinement was not otherwise privileged.

22. That by reason of the unlawful conspiracy, false arrest, imprisonment and detention of the plaintiff, and other violations of plaintiff's rights, plaintiff was subjected to indignities, humiliation and ridicule, in being so detained and charged and injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business and he was caused to suffer emotionally and financially.

23. That by reason of the aforesaid, the plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and is entitled to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

25. That the individual defendants failed in their affirmative duty to intervene to protect the constitutional rights of plaintiff from infringement by other law enforcement officers in their presence. That by way of the defendant officers' failure to intercede to prevent the harms caused by the actions of the other defendants that they observed depriving the plaintiff of his constitutional rights and because there were realistic opportunities to intervene to prevent the aforestated harms from occurring, all the above mentioned defendant officers are liable to the plaintiff for the resulting constitutional deprivations and the resulting harms plaintiff suffered and still suffers from due to defendants failure to exercise their affirmative duty to act.

26. That by reason of the aforesaid, plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and is entitled to an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

28. Defendants NYC and UNIDENTIFIED POLICE OFFICERS, who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's constitutional rights under 42 U.S.C. § 1983, failed to adequately discipline, train or otherwise direct police officers concerning the

rights of citizens, thereby causing the defendant officers in this case to engage in the above mentioned conduct.

29. The defendants have unconstitutional policies, including but not limited to arrest on less than probable cause and/or not investigating an incident.

30. Defendants, NYC and UNIDENTIFIED POLICE OFFICERS, who were supervisors, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct.

31. Defendants as a matter of policy and practice, have with deliberate indifference failed to sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants in this case, to engage in unlawful conduct.

32. That the defendants have also with deliberate indifference failed to intercede to stop the violation of the plaintiff's rights.

33. That the defendant police officers, each of them, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of NYC and the defendants here, separately and in concert, engaged in the illegal conduct above mentioned to the injury of the

plaintiff and deprived plaintiff of his rights under the Constitution of the United States and the laws of the United States.

34. The Police Officers of the defendant NYC and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected plaintiff and other persons to a pattern of conduct consisting of illegal harassments, assaults and batteries, false imprisonments and arrests, racial and ethnic discrimination, and malicious prosecutions at the time said persons were lawfully and properly partaking in lawful activities in exercising their rights to assemble, travel, demonstrate and petition the government in the City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitution of the United States.

35. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiff and other citizens by members of defendant NYC's police department and, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

36. It was and is the policy and custom of NYC to investigate

inadequately and improperly civilian complaints of police misconduct.

37. That by reason of the aforesaid violations of the constitution and law by the defendants, their agents, servants and employees, who conspired together to wrongfully deprive the plaintiff and compel him to abandon his rights and privileges as provided in the Constitution of the United States of America, and provided in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983 in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of NYC and UNIDENTIFIED POLICE OFFICERS subjected or caused to be subjected, citizens of the United States or other persons within the jurisdiction, particularly the plaintiff, thereof to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; injured in his character and reputation, prevented from attending his usual businesses and vocations and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the plaintiff.

38. That by reason of the aforesaid, the plaintiff suffered emotional and/or physical injuries and that he was otherwise damaged.

39. That by reason of the aforesaid, plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

WHEREFORE, plaintiff demand judgment against the defendants in

the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages on the First Cause Of Action; FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages on the Second Cause of Action; FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Third Cause of Action; and reasonable attorneys' fees; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances

Dated:  October 7, 2004
        Queens, New York        THOMAS SHEEHAN (TS-1345)
                                CHEDA & SHEEHAN
                                Attorney for Plaintiff
                                76-03 Roosevelt Avenue
                                Jackson Heights, NY 11372
                                (718) 478-4868